B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Danny Lane Keys<br>Janice Diane Keys<br>80 Timberline Road<br>Crossville, TN 38571 | **DEFENDANTS**<br>Glen and Beatrice Terry<br>c/o Howard G. Pick<br>P.O. Box 3285<br>Crossville, TN 38557 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Steven L. Lefkovitz 5953<br>LEFKOVITZ & LEFKOVITZ<br>618 CHURCH ST., #410<br>NASHVILLE, TN 37219<br>615-256-8300 Fax: 615-255-4516 | **ATTORNEYS** (If Known)<br>Howard G. Pick<br>P.O. Box 3285<br>Crossville, TN 38557 |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**COMPLAINT OF DEBTOR FOR EQUITABLE SUBORDINATION, TO DETERMINE PROPERTY OF THE ESTATE, NATURE AND EXTENT OF LIEN, AND FOR DAMAGES**

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[1] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint
Demand $

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Danny Lane Keys<br>Janice Diane Keys || BANKRUPTCY CASE NO.<br>2:12-bk-07578 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Steven L. Lefkovitz

Steven L. Lefkovitz 5953

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| September 4, 2012 | Steven L. Lefkovitz 5953 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) ) | |
| **DANNY LANE KEYS** ) | No. 212-07578 |
| and wife, **JANICE DIANE KEYS** ) | **Chapter 13** |
| 80 Timberline Road ) | **Judge Mashburn** |
| Crossville, TN 38571 ) | |
| SSN: xxx-xx-8108 (H) xxx-xx-0264 (W) ) | |
| *dba* **Honey-Do Handyman Services** ) | |
| *dba* **Timberline Resort** ) | |
| *fdba* **DIAN - DAN ENTERPRISES, LLC** ) | |
| ) | |
| Debtor. ) | |
| ) | |
| **DANNY LANE KEYS** ) | |
| and wife, **JANICE DIANE KEYS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Pro No. |
| ) | |
| **GLEN AND BEATRICE TERRY** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT OF DEBTOR FOR EQUITABLE SUBORDINATION, TO DETERMINE PROPERTY OF THE ESTATE, NATURE AND EXTENT OF LIEN, AND FOR DAMAGES

Come the Plaintiffs and Debtors, through counsel, and for complaint in this cause, would show the following unto the Court:

1. The Plaintiffs are the Debtors in the above-captioned Bankruptcy, having filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee. All references to the Debtor in this complaint also reference the Plaintiff.

2. Defendant, Glen and Beatrice Terry (Terry), are purported secured claimants of the Debtors and are the subject of the allegations raised in this proceeding.

3. Jurisdiction for this Court to hear this cause of action properly lies with Court pursuant 28 U.S.C. 1334, and venue for this Court to hear this cause of action is appropriate pursuant to 28 U.S.C. 1408. This action is a core proceedings as defined by 28 U.S.C. 157(b). This is an adversary proceeding pursuant to Fed.R.Terryr.P. 7001.

## FACTUAL BACKGROUND

4. The Debtors incorporate by reference the allegations raised by them against these Defendants in a case pending in the Circuit Court for Cumberland County, Tennessee, case number CV005446 and removed to this Court in adversary proceeding 212-90477. All pleadings in the afore-mentioned cases are incorporated herein by reference.

## COUNT NO. 1 – ACTION TO DETERMINE NATURE AND EXTENT OF LIEN

5. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-4, inclusive, in the complaint filed in this cause.

6. The Plaintiff need a determination from the Defendants of the nature and extent if the lien of the Defendants and a true and proper accounting of the amount due and owing.

## COUNT NO. 2 – EQUITABLE SUBORDINATION OF THE CLAIMS OF DEFENDANTS PURSUANT TO SECTION 510(c)

7. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-6, inclusive, in the complaint filed in this cause.

8. Based on actions of the Defendants, the Plaintiffs pray that the claim of the Defendants be subordinated to the interests below that of all claimants in this estate, including the interests of the Debtor, pursuant to Section 510(c) of the Bankruptcy Code.

9. Section 510(c) of the Bankruptcy Code (11 U.S.C. 510(c)), states:

Case 2:12-bk-07578   Doc 31   Filed 09/05/12   Entered 09/05/12 16:09:17   Desc Main
Document      Page 4 of 8

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

10. For the reasons contained herein, the Plaintiffs pray that the claim Defendant be subordinated pursuant to Section 510(c) of the Bankruptcy Code to the interests of all of the claimants of this estate.

## COUNT NO. 3 - VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

11. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-23, inclusive, in the complaint filed in this cause.

12. Plaintiffs are defined as "consumers" pursuant to TENN. CODEANN. § 47-18-103(2).

13. The transactions with the Plaintiffs are described above constitution "trade," "commerce" and/or a "consumer transaction" pursuant to TENN CODEANN. §47-18-103(11).

14. The conduct of Defendant Terry constitutes unfair or deceptive acts or practices, including but not limit to the following:

    A. Violation of TENN CODEANN. §47-18-104(b)(2) by causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services.

B.  Violation of TENN CODE ANN. §47-18-104(b)(3) by causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another.

C.  Violation of TENN CODE ANN. §47-18-104(b)(4) by using deceptive representations or designations of geographic origin in connection with goods or services.

D.  Violation of TENN CODE ANN. §47-18-104(b)(5) by representing goods or services have sponsorship, approval, characteristics, uses, or benefits that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that such person does not have.

E.  Violation of TENN CODE ANN. §47-18-104(b)(7) by representing that goods or services are of a particular standard, quality or grade if they are of another.

F.  Violation of TENN CODE ANN. §47-18-104(b)(9) by advertising goods or services with intent not to sell them as advertised.

G.  Violation of TENN CODE ANN. §47-18-104(b)(12) by representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve.

H.  Violation of TENN CODE ANN. §47-18-104(b)(14) by causing confusion or misunderstanding with respect to the authority of a representative or agent to negotiate the final terms of a consumer transaction.

I. Violation of TENN CODEANN. §47-18-104(b)(21) by using statements or illustrations in any advertisement which create a false impression of the quality, value, usability or origin of the goods or services offered.

J. Violation of TENN CODEANN. §47-18-104(b)(22) by using and advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services.

K. Violation of TENN CODEANN. §47-18-104(b)(27) by engaging in other acts or practices which were deceptive to the Plaintiffs.

17. The Plaintiffs bring this as a private action pursuant to TENN CODEANN. §47-18-109 for all damages resulting from the violations identified above, and as such Plaintiff allege pursuant to said statue that:

A. Plaintiffs are entitled to a declaratory judgment that the acts or practices of Defendant Terry violate the provisions of the Tennessee Consumer Protection Act.

B. Plaintiffs allege on information and belief that Defendant Terry' use or employment of the unfair or deceptive act or practices alleged above was willful or knowing such as would entitle Plaintiff to treble damages; and

C. Plaintiffs are entitled to attorneys' fees and costs.

**WHEREFORE, the Plaintiffs seek the relief sought herein and for such other relief to which they would be entitled under the premises, including reasonable compensatory damages. In addition, as a result of the conduct of the Defendants, the Plaintiff has suffered damages as a result of violation of the Fair Debt Collection and Tennessee Consumer Protection Act and seek an appropriate compensatory and punitive damages,**

plus treble damages, in an amount sufficient to compensate the Plaintiff for its loss plus reasonable attorney's fees for bringing this action.

>
> Respectfully submitted,
>
> LEFKOVITZ & LEFKOVITZ
>
> /s/ Steven L. Lefkovitz
> Steven L. Lefkovitz, No. 5953
> Attorney for Plaintiff
> 618 Church Street, Suite 410
> Nashville, Tennessee 37219
> Phone: (615) 256-8300  Fax: (615) 255-4516
> Email: slefkovitz@lefkovitz.com

## VERIFICATION

We hereby certify under the penalties of perjury that the foregoing is true and correct to the best of our knowledge, information, and belief.

_____
Danny Lane Keys

_____
Janice Diane Keys